**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/11/2018

James Perron,

                              Petitioner,

              -against-

Department of Corrections et al.,

                              Respondents.

**1:16-cv-05874 (PAE) (SDA)**

<u>**OPINION AND ORDER**</u>

**STEWART D. AARON, United States Magistrate Judge:**

In this action, Petitioner James Perron ("Petitioner" or "Perron") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Pet., ECF No. 1.) In September 2017, Perron filed a Motion to Amend (ECF No. 48), which he later asked the Court to construe as a Motion for Supplemental Pleading pursuant to Federal Rule of Civil Procedure 15(d), as it pertained to events that occurred after the original Petition had been filed. (ECF No. 55.) This Court granted that request on March 14, 2018. (ECF No. 56.) For the reasons set forth below, Perron's Motion for Supplemental Pleading (ECF No. 48) is GRANTED.

A motion for supplemental pleading under Federal Rule of Civil Procedure 15(d)[1] is properly made "when a party seeks to plead events which have happened since the date of the pleading sought to be supplemented." *Bemben v. Fuji Photo Film U.S.A., Inc.*, No. 01-CV-08616 (KMW) (DF), 2003 WL 21146709, at *1–2 (S.D.N.Y. May 19, 2003) (internal citations omitted); *see*

---

[1] Rule 15(d) provides: "Upon motion of a party the court may . . . permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense." Fed. R. Civ. P. 15(d).

*also Sookoo v. Heath*, No. 09-CV-09820 (JGK), 2011 WL 6188729, at *2 (S.D.N.Y. Dec. 12, 2011) (habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions") (quoting 28 U.S.C. § 2242). "Rule 15(d) motions are evaluated by the Court under the same standards used to evaluate motions to amend pleadings under paragraph (a) of the same rule." *Bemben*, 2013 WL 21146709 at *2. Thus, leave to file supplemental pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).

"The decision whether to grant leave to amend a pleading is within the sound discretion of the Court." *Thompson v. United States*, No. 16-CV-03468 (AJN) (KNF), 2017 WL 2670815, at *3 (S.D.N.Y. Mar. 20, 2017) (internal citations omitted). "Such leave should be denied only in limited circumstances—*e.g.*, where amendment is sought in bad faith, where such would unduly prejudice the opposing party or parties or where such would be futile." *Irizarry v. Ercole*, No. 08-CV-5884 (KMK) (PED), 2009 WL 3151358, at *3 (S.D.N.Y. Sept. 30, 2009) (internal citation omitted). None of those circumstances are present here. Indeed, Respondent "concedes that petitioner should be allowed to supplement the claim in his original habeas petition with the claim raised in his motion to amend/supplement pleadings as the factual predicate relied upon in the supplemental pleading occurred  after the filing of the original habeas petition." (ECF No. 57.)

Thus, Petitioner's motion (ECF No. 48) is GRANTED. As the parties have already briefed the substance of Perron's supplemental claim, no further briefing is required. In considering the Petition, the Court will consider Petitioner's Supplemental Pleading (ECF No. 48), Respondent's Opposition (ECF Nos. 59 & 60) and Petitioner's Reply (ECF No. 54).

**SO ORDERED.**

DATED:     New York, New York
            July 11, 2018

_____
STEWART D. AARON
United States Magistrate Judge